# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| AMNET ESOP CORPORATION d/b/a AMERICAN MORTGAGE NETWORK,<br><br>     Plaintiff,<br><br>v.<br><br>CROSSCOUNTRY MORTGAGE, INC., *et al.*,<br><br>     Defendants. | Civ. No. 2:23-cv-00010-RWS<br><br>**DEFENDANT CROSSCOUNTRY MORTGAGE'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant CrossCountry Mortgage, LLC (which is erroneously referred to as CrossCountry Mortgage, Inc. in the Amended Complaint) ("CrossCountry"), by its undersigned attorneys, submits this Answer to the Amended Complaint of Plaintiff AmNet ESOP Corporation ("AmNet"), dated April 21, 2023 (ECF No. 29). For its Answer to the Amended Complaint, CrossCountry hereby states as follows:

The allegations in the unnumbered paragraphs at the beginning of the Amended Complaint are characterizations of the Amended Complaint to which no response is required. To the extent a response is required, CrossCountry denies the allegations of the unnumbered paragraphs at the beginning of the Amended Complaint.

Further, CrossCountry omits, and provides no response to, the headings used by AmNet, as those headings are not part of the body of the Amended Complaint. To the extent any response to the Amended Complaint's headings is necessary, CrossCountry denies any and all allegations contained in any headings.

1.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 of the Amended Complaint, and on that basis, denies those allegations.

2.     CrossCountry admits that it is a licensed mortgage lender but denies that it is incorporated under the laws of the State of Ohio, and further denies that the address identified in Paragraph 2 is CrossCountry's headquarters and principal place of business.  CrossCountry avers that it is a limited liability company organized under the laws of the State of Delaware, and that the address of CrossCountry's headquarters and principal place of business is 2160 Superior Avenue, Cleveland, Ohio 44114.

3.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 of the Amended Complaint, and on that basis, denies those allegations.

4.     CrossCountry admits and avers that former Defendant William Myers is a Production Manager at CrossCountry.  CrossCountry otherwise denies all allegations in Paragraph 4 of the Amended Complaint.

5.     The allegations in Paragraph 5 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, CrossCountry denies the allegations in Paragraph 5.

6.     The allegations in Paragraph 6 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, CrossCountry denies the allegations in Paragraph 6.

7.     The allegations in Paragraph 7 of the Amended Complaint constitute legal conclusions to which no response is required. Further, CrossCountry is without knowledge or information sufficient to form a belief as to the allegations regarding the residency of Mr. Thomas, and on that basis, denies those allegations.

8.     CrossCountry admits that it maintains branch locations in Alpharetta, Suwanee, Kennesaw, Smyrna, Roswell, and Columbus, Georgia.  CrossCountry denies that it currently maintains branch locations in Senoia and Newnan, Georgia. The remaining allegations in Paragraph 8 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, CrossCountry denies the allegations in Paragraph 8.

9.     CrossCountry denies the allegations in Paragraph 9 of the Amended Complaint.

10.    The allegations in Paragraph 10 of the Amended Complaint are moot given that William Myers has been dismissed as a defendant in this action (ECF

No. 51), and therefore no response is required.  To the extent a response is required, CrossCountry denies the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, CrossCountry denies the allegations in Paragraph 11.

12.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Amended Complaint, and on that basis, denies those allegations.

13.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Amended Complaint, and on that basis, denies those allegations.

14.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of the Amended Complaint, and on that basis, denies those allegations.

15.     Paragraph 15 of the Amended Complaint purports to characterize a document attached to the Amended Complaint as an Exhibit; the contents of that document speak for themselves and CrossCountry refers to them for a complete and accurate portrayal of their contents.  To the extent any additional response is required, CrossCountry is without knowledge or information sufficient to form a

belief as to the allegations in Paragraph 15 of the Amended Complaint, and on that basis, denies those allegations.

16.     Paragraph 16 of the Amended Complaint purports to characterize a document attached to the Amended Complaint as an Exhibit; the contents of that document speak for themselves and CrossCountry refers to them for a complete and accurate portrayal of their contents.  To the extent any additional response is required, CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Amended Complaint, and on that basis, denies those allegations.

17.     The allegations in Paragraph 17 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, CrossCountry denies the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, CrossCountry denies the allegations in Paragraph 18.

19.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Amended Complaint, and on that basis, denies those allegations.

20.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Amended Complaint, and on that basis, denies those allegations.

21.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Amended Complaint, and on that basis, denies those allegations.

22.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Amended Complaint, and on that basis, denies those allegations.

23.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Amended Complaint, and on that basis, denies those allegations.

24.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 of the Amended Complaint, and on that basis, denies those allegations.

25.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the Amended Complaint, and on that basis, denies those allegations.

26.     CrossCountry denies the allegations of Paragraph 26 of the Amended Complaint.

27.     CrossCountry admits and avers that it is a mortgage lender and that its business includes soliciting, originating, processing, and funding residential mortgage loans.  CrossCountry further admits and avers that, upon the closing of mortgage loans, CrossCountry either services and/or sells those mortgage loans on the secondary mortgage market.  CrossCountry further admits and avers that it originates mortgage loans through employee loan officers who are licensed with the Nationwide Mortgage Licensing System ("NMLS") and whose licenses are sponsored by CrossCountry.  CrossCountry denies all other allegations in Paragraph 27 of the Amended Complaint.

28.     CrossCountry admits and avers that its employee loan officers originate and close mortgage loans utilizing, among other things, CrossCountry's systems, CrossCountry's processing staff, CrossCountry's funds for lending, CrossCountry's state lending licenses, and CrossCountry's business relationships. CrossCountry denies all other allegations in the first sentence of Paragraph 28 of the Amended Complaint.  The allegations in the second sentence of Paragraph 28 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, CrossCountry denies the allegations in the second sentence of Paragraph 28.

29.     CrossCountry denies the allegations of Paragraph 29 of the Amended Complaint.

30.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 of the Amended Complaint, and on that basis, denies those allegations.

31.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the Amended Complaint, and its subparagraphs, that any borrower was pre-approved by AmNet for a loan or submitted a loan application to AmNet, or did not close a loan with AmNet, and on that basis, denies those allegations.  Additionally, CrossCountry states as follows as to each subparagraph of Paragraph 31 of the Amended Complaint:

> a.     The first sentence of Subparagraph 31(a) of the Amended Complaint purports to characterize an email of August 18, 2022; the contents of that email speak for themselves and CrossCountry refers to them for a complete and accurate portrayal of their contents.  To the extent any additional response is required, CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in the first sentence of Subparagraph 31(a) of the Amended Complaint, and on that basis, denies those allegations. CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in the second sentence of

Subparagraph 31(a) of the Amended Complaint, and on that basis, denies those allegations.

b.      CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in the first and third sentences of Subparagraph 31(b) of the Amended Complaint, and on that basis, denies those allegations.  CrossCountry denies the allegations in the second sentence of Subparagraph 31(b) of the Amended Complaint.

c.      CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in the first and second sentences of Subparagraph 31(c) of the Amended Complaint, and on that basis, denies those allegations.  CrossCountry denies the allegations in the third sentence of Subparagraph 31(c) of the Amended Complaint, and avers that a mortgage loan cannot be closed with CrossCountry unless the borrower for that loan submits a loan application to CrossCountry for that loan.

d.      CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in the first and second sentences of Subparagraph 31(d) of the Amended Complaint, and on that basis, denies those allegations.  CrossCountry denies the allegations in the third sentence of Subparagraph 31(d) of the Amended Complaint, and

avers that a mortgage loan cannot be closed with CrossCountry unless the borrower for that loan submits a loan application to CrossCountry for that loan.

e.      CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in the first and second sentences of Subparagraph 31(e) of the Amended Complaint, and on that basis, denies those allegations.  CrossCountry denies the allegations in the third sentence of Subparagraph 31(e) of the Amended Complaint, and avers that a mortgage loan cannot be closed with CrossCountry unless the borrower for that loan submits a loan application to CrossCountry for that loan.

f.      CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in the first and second sentences of Subparagraph 31(f) of the Amended Complaint, and on that basis, denies those allegations.  CrossCountry denies the allegations in the third sentence of Subparagraph 31(f) of the Amended Complaint, and avers that a mortgage loan cannot be closed with CrossCountry unless the borrower for that loan submits a loan application to CrossCountry for that loan.

32.     CrossCountry admits that Mr. Myers oversaw CrossCountry's "Transition Desk."  CrossCountry denies all remaining allegations in Paragraph 32 of the Amended Complaint.

33.     CrossCountry denies the allegations of Paragraph 33 of the Amended Complaint.

34.     CrossCountry admits that Cari Lapinski and Amber Schuiteman are CrossCountry employees.  CrossCountry denies the remaining allegations of Paragraph 34 of the Amended Complaint.

35.     CrossCountry denies the allegations of Paragraph 35 of the Amended Complaint.

36.     CrossCountry denies the allegations of Paragraph 36 of the Amended Complaint.

37.     Paragraph 37 of the Amended Complaint purports to characterize the contents of CrossCountry's website; the contents of that website speak for themselves and CrossCountry refers to them for a complete and accurate portrayal of their contents.  To the extent any additional response is required, CrossCountry denies that Mr. Thomas is now a loan officer at its Alpharetta branch. CrossCountry further avers that Mr. Thomas's employment with CrossCountry ended in May 2023.

38.     CrossCountry denies the allegations of Paragraph 38 of the Amended Complaint.

39.     CrossCountry denies the allegations of Paragraph 39 of the Amended Complaint.

40.     CrossCountry denies the allegations of Paragraph 40 of the Amended Complaint.

41.     CrossCountry denies the allegations of Paragraph 41 of the Amended Complaint, including Footnote 3.

42.     CrossCountry denies the allegations of the first sentence of Paragraph 42 of the Amended Complaint.  The second sentence of Paragraph 42 of the Amended Complaint consists entirely of captions of certain actions in which CrossCountry was a named defendant; the contents of the pleadings and dockets in those actions speak for themselves, and CrossCountry refers to them for a complete and accurate portrayal of their contents.  To the extent any further response is required to the second sentence of Paragraph 42 of the Amended Complaint, CrossCountry avers that each of the captioned actions referred to in that sentence has been dismissed, and CrossCountry denies that any proper use may be made of any of the allegations in those actions.

43.     CrossCountry denies the allegations in Paragraph 43 of the Amended Complaint.

44.     CrossCountry admits that Mr. Myers reports to Craig Montgomery, CrossCountry's Chief Production Officer, and that Mr. Montgomery has overseen Mr. Myers.  CrossCountry denies all other allegations in Paragraph 44 of the Amended Complaint.

45.     CrossCountry admits and avers that Mr. Myers is experienced in the mortgage lending industry.  CrossCountry denies all other allegations in Paragraph 45 of the Amended Complaint.  Further, the allegations in the second sentence of Paragraph 45 of the Amended Complaint include legal conclusions to which no response is required; to the extent any additional response is required, CrossCountry denies the allegations in the second sentence of Paragraph 45.

46.     CrossCountry denies the allegations in Paragraph 46 of the Amended Complaint.

47.     CrossCountry denies the allegations in Paragraph 47 of the Amended Complaint.

48.     CrossCountry denies the allegations in Paragraph 48 of the Amended Complaint.

49.     CrossCountry denies the allegations of the first sentence of Paragraph 49 of the Amended Complaint.  The second sentence of Paragraph 49 of the Amended Complaint consists entirely of the caption of a certain action in which CrossCountry was a named defendant; the contents of the pleadings and

docket in that action speak for themselves, and CrossCountry refers to them for a complete and accurate portrayal of their contents.  To the extent any further response is required to the second sentence of Paragraph 49 of the Amended Complaint, CrossCountry avers that the captioned action referred to in that sentence has been dismissed, and CrossCountry denies that any proper use may be made of any of the allegations in that action.

50.     CrossCountry admits that the CrossCountry loan officers who have worked in the "Transition Desk" with Mr. Myers include Jonathan Wick, Daniel Jordan Gourash, Cody Bertke, Kenneth Todd VanCleave, and Brian Vollmer. CrossCountry denies all other allegations in Paragraph 50 of the Amended Complaint.

51.     CrossCountry denies the allegations of the first sentence of Paragraph 51 of the Amended Complaint.  The second sentence of Paragraph 51 of the Amended Complaint consists entirely of captions of certain actions in which CrossCountry was a named defendant; the contents of the pleadings and dockets in those actions speak for themselves, and CrossCountry refers to them for a complete and accurate portrayal of their contents.  To the extent any further response is required to the second sentence of Paragraph 51 of the Amended Complaint, CrossCountry avers that each of the captioned actions referred to in that sentence

has been dismissed, and CrossCountry denies that any proper use may be made of any of the allegations in those actions.

52.     CrossCountry denies the allegations of the first, second, and third sentences of Paragraph 52 of the Amended Complaint.  The fourth sentence of Paragraph 52 of the Amended Complaint consists entirely of the caption of a certain action in which CrossCountry was a named defendant; the contents of the pleadings and docket in that action speak for themselves, and CrossCountry refers to them for a complete and accurate portrayal of their contents.  To the extent any further response is required to the fourth sentence of Paragraph 52 of the Amended Complaint, CrossCountry avers that the captioned action referred to in that sentence has been dismissed, and CrossCountry denies that any proper use may be made of any of the allegations in that action.

53.     CrossCountry denies the allegations of the first, second, and fourth sentences of Paragraph 53 of the Amended Complaint.  The third sentence of Paragraph 53 of the Amended Complaint consists entirely of the caption of a certain action in the Western District of Washington in which CrossCountry was a named defendant; the contents of the pleadings and docket in that action speak for themselves, and CrossCountry refers to them for a complete and accurate portrayal of their contents.  To the extent any further response is required to the third sentence of Paragraph 53 of the Amended Complaint, CrossCountry avers that the

captioned action referred to in that sentence has been dismissed, and CrossCountry denies that any proper use may be made of any of the allegations in that action.

54.     Paragraph 54 of the Amended Complaint purports to quote the contents of a pleading in a different unidentified action; the contents of that pleading speak for themselves, and CrossCountry refers to them for a complete and accurate portrayal of their contents.  To the extent any further response is required, CrossCountry denies the allegations of Paragraph 54 of the Amended Complaint.

55.     CrossCountry denies the allegations of Paragraph 55 of the Amended Complaint.

56.      CrossCountry denies the allegations of Paragraph 56 of the Amended Complaint.

57.     CrossCountry denies the allegations of Paragraph 57 of the Amended Complaint.

58.     CrossCountry denies the allegations of Paragraph 58 of the Amended Complaint.

59.     CrossCountry denies the allegations of Paragraph 59 of the Amended Complaint.

60.     The last clause of Paragraph 60 of the Amended Complaint purports to characterize unidentified "litigations"; the contents of the pleadings and proceedings in those "litigations" speak for themselves, and CrossCountry refers to

them for a complete and accurate portrayal of their contents.  To the extent any further response is required to the last clause of Paragraph 60, CrossCountry denies the allegations of the last clause of Paragraph 60 of the Amended Complaint. CrossCountry denies the remaining allegations of Paragraph 60.

61.     CrossCountry denies the allegations of the first sentence of Paragraph 61 of the Amended Complaint.  The second sentence of Paragraph 61 of the Amended Complaint consists entirely of the caption of a certain action in which CrossCountry was a named defendant; the contents of the pleadings and docket in that action speak for themselves, and CrossCountry refers to them for a complete and accurate portrayal of their contents.  To the extent any further response is required to the second sentence of Paragraph 61 of the Amended Complaint, CrossCountry avers that the captioned action referred to in that sentence has been dismissed, and CrossCountry denies that any proper use may be made of any of the allegations in that action.

62.     CrossCountry denies the allegations of Paragraph 62 of the Amended Complaint.

63.     CrossCountry denies the allegations of Paragraph 63 of the Amended Complaint.

64.     CrossCountry denies the allegations of Paragraph 64 of the Amended Complaint.

## <u>COUNT ONE – BREACH OF CONTRACT</u>
(Against Defendant Thomas)

65.     CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

66.     Because Count One of the Amended Complaint asserts a claim solely against Spencer Thomas, no response from CrossCountry to Paragraph 66 of the Amended Complaint is required.  To the extent any response is required, CrossCountry denies the allegations of Paragraph 66.

67.     Because Count One of the Amended Complaint asserts a claim solely against Spencer Thomas, no response from CrossCountry to Paragraph 67 of the Amended Complaint is required.  To the extent any response is required, CrossCountry denies the allegations of Paragraph 67.

68.     Because Count One of the Amended Complaint asserts a claim solely against Spencer Thomas, no response from CrossCountry to Paragraph 68 of the Amended Complaint is required.  To the extent any response is required, CrossCountry denies the allegations of Paragraph 68.

69.     Because Count One of the Amended Complaint asserts a claim solely against Spencer Thomas, no response from CrossCountry to Paragraph 69 of the Amended Complaint is required.  To the extent any response is required, CrossCountry denies the allegations of Paragraph 69.

## <u>COUNT TWO – BREACH OF FIDUCIARY DUTY/DUTY OF LOYALTY</u>
### (Against Defendant Thomas)

70.     CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

71.     Because Count Two of the Amended Complaint asserts a claim solely against Spencer Thomas, no response from CrossCountry to Paragraph 71 of the Amended Complaint is required.  To the extent any response is required, CrossCountry denies the allegations of Paragraph 71.

72.     Because Count Two of the Amended Complaint asserts a claim solely against Spencer Thomas, no response from CrossCountry to Paragraph 72 of the Amended Complaint is required.  To the extent any response is required, CrossCountry denies the allegations of Paragraph 72.

73.     Because Count Two of the Amended Complaint asserts a claim solely against Spencer Thomas, no response from CrossCountry to Paragraph 73 of the Amended Complaint is required.  To the extent any response is required, CrossCountry denies the allegations of Paragraph 73.

74.     Because Count Two of the Amended Complaint asserts a claim solely against Spencer Thomas, no response from CrossCountry to Paragraph 74 of the Amended Complaint is required.  To the extent any response is required, CrossCountry denies the allegations of Paragraph 74.

## COUNT THREE – AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
(Against CrossCountry)

75.     CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

76.     CrossCountry denies the allegations of Paragraph 76 of the Amended Complaint.

77.     CrossCountry denies the allegations of Paragraph 77 of the Amended Complaint.

78.     CrossCountry denies the allegations of Paragraph 78 of the Amended Complaint.

79.     CrossCountry denies the allegations of Paragraph 79 of the Amended Complaint.

## COUNT FOUR
## VIOLATION OF THE LANHAM ACT, 15 U.S.C. 1125(a)
(Against Defendants Thomas and CrossCountry)

80.     CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

81.     Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 81 of the Amended Complaint.

82.     Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 82 of the Amended Complaint.

83.     Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 83 of the Amended Complaint.

84.     Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 84 of the Amended Complaint.

85.     Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 85 of the Amended Complaint.

86.     Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 86 of the Amended Complaint.

87.    Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 87 of the Amended Complaint.

88.    Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 88 of the Amended Complaint.

89.    Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 89 of the Amended Complaint.

90.    Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 90 of the Amended Complaint.

91.    Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 91 of the Amended Complaint.

92.     Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 92 of the Amended Complaint.

93.     Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 93 of the Amended Complaint.

94.     Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 94 of the Amended Complaint.

95.     Because Count Four of the Amended Complaint asserts a claim that was dismissed against CrossCountry in the Court's Order of December 18, 2023 (ECF No. 51), no response from CrossCountry is required to Paragraph 95 of the Amended Complaint.

**COUNT FIVE**
**TORTIOUS INTERFERENCE WITH CURRENT CONTRACTUAL AND**
**PROSPECTIVE ECONOMIC RELATIONS**
(Against Defendants Thomas and CrossCountry)[1]

96.     CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

97.     CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 97 of the Amended Complaint, and on that basis, denies those allegations.

98.     CrossCountry denies the allegations of Paragraph 98 of the Amended Complaint.

99.     CrossCountry denies the allegations of Paragraph 99 of the Amended Complaint.

100.    CrossCountry denies the allegations of Paragraph 100 of the Amended Complaint.

---

[1] Because the Court's Order of December 18, 2023 permits Count Five to proceed "only to the extent Plaintiff's allegations are not premised on the alleged misappropriation of AmNet's trade secrets or other proprietary information under the GTSA" (ECF No. 51 at 54), no response is required by CrossCountry to any allegation in Count Five based on the alleged misappropriation of AmNet's trade secrets or other proprietary information under the GTSA, and CrossCountry therefore does not respond to any such allegation.  CrossCountry's responses to Paragraphs 96 through 104 of the Amended Complaint apply only with respect to the allegations as to which the Court permitted Count Five to proceed.

101.   CrossCountry denies the allegations of Paragraph 101 of the Amended Complaint.

102.   CrossCountry denies the allegations of Paragraph 102 of the Amended Complaint.

103.   CrossCountry denies the allegations of Paragraph 103 of the Amended Complaint.

104.   CrossCountry denies the allegations of Paragraph 104 of the Amended Complaint.

**COUNT SIX**
**<u>UNFAIR COMPETITION</u>**
(Against Defendants Thomas and CrossCountry)[2]

105.   CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

106.   CrossCountry denies the allegations of Paragraph 106 of the Amended Complaint.

---

[2] Because the Court's Order of December 18, 2023 permits Count Six to proceed "only to the extent Plaintiff's allegations are not premised on the alleged misappropriation of AmNet's trade secrets or other proprietary information under the GTSA" (ECF No. 51 at 54), no response is required by CrossCountry to any allegation in Count Six based on the alleged misappropriation of AmNet's trade secrets or other proprietary information under the GTSA, and CrossCountry therefore does not respond to any such allegation.  CrossCountry's responses to Paragraphs 105 through 109 of the Amended Complaint apply only with respect to the allegations as to which the Court permitted Count Six to proceed.

107.   CrossCountry denies the allegations of Paragraph 107 of the Amended Complaint.

108.   CrossCountry denies the allegations of Paragraph 108 of the Amended Complaint.

109.   CrossCountry denies the allegations of Paragraph 109 of the Amended Complaint.

## COUNT SEVEN
## MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE GEORGIA TRADE SECRETS ACT
(Against All Defendants)

110.   CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

111.   CrossCountry denies the allegations in the first sentence of Paragraph 111 of the Amended Complaint.  The allegations in the second sentence of Paragraph 111 of the Amended Complaint constitute legal conclusions to which no response is required; to the extent any response is required, CrossCountry denies the allegations of the second sentence of Paragraph 111.

112.   CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 112 of the Amended Complaint, and on that basis, denies those allegations.

113.   CrossCountry denies the allegations of Paragraph 113 of the Amended Complaint.

114.   CrossCountry denies the allegations of Paragraph 114 of the Amended Complaint.

115.   CrossCountry denies the allegations of Paragraph 115 of the Amended Complaint.

## COUNT EIGHT
## VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836, et seq.
(Against Defendants Thomas and CrossCountry)

116.   CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

117.   Paragraph 117 of the Amended Complaint purports to characterize and quote the Defend Trade Secrets Act, 18 U.S.C. § 1839(3).  That statute speaks for itself, and CrossCountry refers to it for a complete and accurate portrayal of its contents.  To the extent any additional response is required, CrossCountry denies the allegations in Paragraph 117 of the Amended Complaint.

118.   CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 118 of the Amended Complaint, and on that basis, denies those allegations.

119.   The allegations of Paragraph 119 of the Amended Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, CrossCountry denies these allegations.

120.   CrossCountry is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 120 of the Amended Complaint, and on that basis, denies those allegations.

121.   CrossCountry denies the allegations of Paragraph 121 of the Amended Complaint.

122.   CrossCountry denies the allegations of Paragraph 122 of the Amended Complaint.

123.   CrossCountry denies the allegations of Paragraph 123 of the Amended Complaint.

124.   CrossCountry denies the allegations of Paragraph 124 of the Amended Complaint.

## COUNT NINE
### CIVIL RICO 18 U.S.C. §§ 1961-1968, et seq.
(Against Defendant CrossCountry and Myers)

125.   CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

126.   Because Count Nine of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 126 of the Amended Complaint.

127.   Because Count Nine of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 127 of the Amended Complaint.

128.   Because Count Nine of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 128 of the Amended Complaint.

129.   Because Count Nine of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 129 of the Amended Complaint.

130.   Because Count Nine of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 130 of the Amended Complaint.

131.   Because Count Nine of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 131 of the Amended Complaint.

132.   Because Count Nine of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 132 of the Amended Complaint.

133.   Because Count Nine of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 133 of the Amended Complaint.

134.   Because Count Nine of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 134 of the Amended Complaint.

135.   Because Count Nine of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 135 of the Amended Complaint.

136.   Because Count Nine of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 136 of the Amended Complaint.

**COUNT TEN**
**CONSPIRACY**
(Against All Defendants)

137.   CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

138.   Because Count Ten of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 138 of the Amended Complaint.

139.   Because Count Ten of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 139 of the Amended Complaint.

**COUNT ELEVEN**
**CONSPIRACY TO VIOLATE RICO**
(Against All Defendants)

140.   CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

141.   Because Count Eleven of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 141 of the Amended Complaint.

142.   Because Count Eleven of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 142 of the Amended Complaint.

143.   Because Count Eleven of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 143 of the Amended Complaint.

## COUNT TWELVE
## GEORGIA CIVIL RICO
(Against Defendants Myers and CrossCountry)

144.   CrossCountry incorporates by reference all preceding paragraphs as though fully stated herein.

145.   Because Count Twelve of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 145 of the Amended Complaint.

146.   Because Count Twelve of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 146 of the Amended Complaint.

147.   Because Count Twelve of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 147 of the Amended Complaint.

148.   Because Count Twelve of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 148 of the Amended Complaint.

149.   Because Count Twelve of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 149 of the Amended Complaint.

150.   Because Count Twelve of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 150 of the Amended Complaint.

151.   Because Count Twelve of the Amended Complaint asserts a claim that was dismissed under the Court's Order of December 18, 2023 (ECF No. 51 at 55), no response from CrossCountry is required to Paragraph 151 of the Amended Complaint.

152.   CrossCountry denies any and all allegations in Paragraphs 1–151 of the Amended Complaint to the extent that such allegations are not expressly admitted above.  CrossCountry denies the unnumbered "WHEREFORE" paragraph.  CrossCountry further denies that AmNet is entitled to any of the relief requested in any of subparagraph of the unnumbered "WHEREFORE" paragraphs, or to any other relief whatsoever.

## AFFIRMATIVE DEFENSES

1.   The Amended Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

2.   AmNet's claims against CrossCountry are barred, in whole or in part, by laches, equitable estoppel, waiver, or other related equitable doctrines.

3.   AmNet's claims against CrossCountry are barred, in whole or in part, by O.C.G.A. § 23–1–10, the doctrine of unclean hands, estoppel, and/or *in pari delicto*.  Upon information and belief, AmNet engages in precisely the same kind of conduct of which it accuses CrossCountry in the Amended Complaint— recruiting loan officers from competing mortgage lenders and assisting those loan officers in diverting customers and customer information from their former employer to close loans with AmNet.  Further, on information and belief, AmNet has engaged in such conduct with respect to a CrossCountry loan officer in Cranford, New Jersey, who resigned to join AmNet in April 2023 and who, prior to

resigning, emailed information regarding CrossCountry's customers and prospective customers from his CrossCountry email account to his personal email account.

4.      AmNet's claims against CrossCountry relating to alleged trade secrets are barred on the ground that the information on which AmNet bases its claims do not constitute trade secrets.

5.      AmNet's state-law claims against CrossCountry are preempted by the Georgia Trade Secrets Act to the extent they are based on alleged misappropriation of AmNet's confidential information, regardless of whether that information constitutes a trade secret under Georgia law.

6.      AmNet's claims against CrossCountry relating to alleged confidential information are barred on the ground that the information on which AmNet bases its claims is publicly available.

7.      AmNet's claims against CrossCountry that are premised on an alleged breach of a fiduciary duty to AmNet by Spencer Thomas are barred because Mr. Thomas, who did not participate in the management of AmNet, owed no fiduciary duty to AmNet under California law, which is the governing law under Section 22 of Mr. Thomas's Employment Agreement with AmNet.

8.      AmNet's claims against CrossCountry relating to Spencer Thomas's restrictive employment covenants, including the confidentiality covenant in

Section 10 of Mr. Thomas's Employment Agreement with AmNet, are barred on the ground that those covenants place unreasonable and overbroad restrictions on Mr. Thomas's right to work and are therefore invalid and unenforceable.

9.      AmNet's claims against CrossCountry relating to Spencer Thomas's post-employment non-solicitation obligations in his Employment Agreement with AmNet are barred on the ground that such provisions are *per se* unenforceable under California law, which is the governing law under Section 22 of Mr. Thomas's Employment Agreement with AmNet.

10.      To the extent AmNet's claims against CrossCountry are based on alleged breaches of Spencer Thomas's Employment Agreement with AmNet, such claims are barred, in whole or in part, on the ground that AmNet breached that Employment Agreement.

11.      AmNet's claims against CrossCountry are barred, in whole or in part, on the ground that, on information and belief, none of the borrowers who AmNet alleges were diverted from AmNet to CrossCountry would have closed a mortgage loan with AmNet; rather, such borrowers would have closed their mortgage loans with CrossCountry regardless of any alleged misconduct that is alleged in the Amended Complaint.

12.      AmNet's claims against CrossCountry are barred, in whole or in part, on the ground that, on information and belief, Mr. Thomas informed each of the

allegedly diverted borrowers that he was leaving AmNet to join CrossCountry, and those borrowers, being fully informed of the relevant facts and absent any solicitation, chose follow Mr. Thomas to CrossCountry rather than pursue or proceed with any mortgage loan from AmNet.

13.     AmNet's claims against CrossCountry are barred, in whole or in part, on the ground that AmNet had no reasonable expectation of profit with respect to any customer lead generated by Mr. Thomas, which, on information and belief, were leads belonging solely to Mr. Thomas as a result of his work for a separate entity known as ADPI, with AmNet's consent and approval.

14.     AmNet's claims against CrossCountry are barred, in whole or in part, on the ground that, on information and belief, AmNet was (and is) engaged in an illegal referral and/or kickback scheme with ADPI, in violation of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, and its implementing regulations; accordingly, all of the profits that AmNet claims that it lost as a result of any alleged conduct by Mr. Thomas and CrossCountry would have constituted illegal, ill-gotten gains by AmNet, which AmNet is not permitted to recover.

15.     AmNet's claims against CrossCountry are barred because CrossCountry at all times lacked the requisite knowledge and/or intent to sustain those claims.

16.     AmNet's claims against CrossCountry are barred, in whole or in part, by AmNet's failure to mitigate its damages.

17.     Any injury that AmNet allegedly may have suffered is a result of AmNet's actions and/or independent actions taken by third parties, and therefore CrossCountry is not responsible.

18.     AmNet's tortious-interference claims against CrossCountry are barred, in whole or in part, because of CrossCountry's privilege or justification as a competitor.

19.     AmNet's claims for punitive damages against CrossCountry are barred on the grounds that CrossCountry's actions were not fraudulent, malicious, oppressive, wanton, or reckless, and CrossCountry acted in good faith.

20.     CrossCountry reserves the right to request a more definite statement. CrossCountry further reserves the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigation and will amend or modify its Answer accordingly.

WHEREFORE, having fully answered the remaining allegations and Counts of the Amended Complaint, CrossCountry denies that it is liable for any of the claims in the Amended Complaint, requests that the Court grant AmNet no relief as against CrossCountry, and further requests that the Court dismiss all claims

against CrossCountry in the Amended Complaint with prejudice and award

CrossCountry its costs and fees.

## **JURY DEMAND**

CrossCountry asserts its Seventh Amendment right to trial by jury on all

issues so triable.

Dated:   January 19, 2024                  Respectfully submitted,

*s/ Michael J. McConnell*
Michael J. McConnell
Georgia Bar No. 485003
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, Georgia  30361
Telephone:  (404) 581-8526
Facsimile:  (404) 581-8330
mmcconnell@jonesday.com

Michael A. Platt (admitted *pro hac vice*)
Garrett T. Fox (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
maplatt@jonesday.com
gfox@jonesday.com

*Counsel for Defendant*
*CrossCountry Mortgage, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2024, a true and correct copy of the foregoing Defendant CrossCountry Mortgage's Answer to the Amended Complaint and Affirmative Defenses was served via email to counsel for Plaintiff.

*s/ Michael J. McConnell*
*Attorney for Defendant*
*CrossCountry Mortgage, LLC*
